ELIZABETH STEWART
v.
DUGAS PEST CONTROL OF BATON ROUGE, INC.
No. 2006 CA 0739.
Court of Appeal of Louisiana, First Circuit.
March 9, 2007.
NOT DESIGNATED FOR PUBLICATION
JOSEPH P. BRANTLEY, IV, Counsel for Plaintiff/Appellant, Elizabeth Stewart.
KEVIN P. LANDRENEAU, Counsel for Defendant/Appellee, Dugas Pest Control of Baton Rouge, Inc.
Before: CARTER, C.J., WHIPPLE and McDONALD, JJ.
McDONALD, J.
This is an appeal from the Nineteenth Judicial District Court. In November of 1999, Elizabeth Stewart entered into an agreement to purchase a home at 846 Mouton Street in Baton Rouge for $420,000.00. The property condition disclosure statement was checked for termite infestation, and in the margin had a hand-written note "'98 treated and corrected." The agreement provided that the house would be sold "as is." Ms. Stewart thereafter hired Mr. B Services Inc. to perform an inspection of the house for termites. Mr. B Services Inc.'s inspector did a thorough inspection and found termite exit holes in a dining room wall and pointed them out to Ms. Stewart, but did not issue a written inspection report.
Dugas Pest Control of Baton Rouge, Inc. did an inspection and prepared a Wood Destroying Insect Report (WDIR) on November 15, 1999. The WDIR states that the house was treated by Dugas Pest Control for termites on May 31, 1996, and remained under contract until May 31, 2000, with records available upon request. An attachment to the contract indicated the location of termites in two areas of the home and indicated that two areas of live infestation were treated with a .05% mixture of Premise. On December 10, 1999, Ms. Stewart purchased the house.
From December 1999 to April 2002, Dugas Pest Control inspected the property every six months and issued annual termite control warranties for 2000 and 2001 that indicated no present visible signs of active or previous termites. The original agreement with Dugas Pest Control provided that if an active infestation of wood-destroying insects covered by the agreement occurred in any portion of the building, then Dugas Pest Control agreed to treat the infested portions within 30 days at no additional charge. The agreement also provided that due to various conditions present in construction existing at the time the agreement was made, and the possibilities of infestation and damage which may or may not be visible to the company, the company was not liable for any past, present or future damage to the structure or the contents covered by the agreement if caused by the wood-destroying insects.
In April of 2002, Ms. Stewart decided to refinish the wood floors. When a runner was removed from the floor in the downstairs hallway, the wood underneath was soft. Ms. Stewart called Dugas Pest Control, which came to the house on April 16, 2002, found termites on the left side of the house and some damage to the hallway floor, and treated those areas. Dugas Pest Control returned on April 19, 2002, found a crack in the foundation in a closet with active termites, and treated the house again. Afterward, Ms. Stewart reviewed the records from Dugas Pest Control, and discovered that the house had previously been treated for termites multiple times in 1996, 1997, 1998, and 1999. Ms. Stewart sold the house in 2003 for $460,000.00.
Ms. Stewart thereafter filed suit against Dugas Pest Control, asking for $24,771.00 for floor repairs due to termite damage, $75,000.00 for remedial repairs, and additional compensation for diminution of the value of the home. Dugas Pest Control answered the petition, asserting that its work was performed in accordance with acceptable standards, that any liability under the WDIR and the agreement with Ms. Stewart was limited to the terms of the agreement, averring that it was entitled to a reduction in damages for the fault of any third parties, and further, asserting that because more than three years had passed between any alleged negligence of Dugas Pest Control and the filing of the lawsuit, the case was prescribed.
After a bench trial, the trial court found that Ms. Stewart failed to prove her case, ruled in favor of Dugas Pest Control and against Ms. Stewart, and dismissed the suit. Ms. Stewart appeals that judgment.
Although the trial court did not issue written reasons for judgment, at trial the evidence revealed that the wood floors had been incorrectly installed without a water-vapor barrier between the concrete slab and the wood floors to prevent moisture from the slab permeating the wood. Further, the evidence revealed problems with water intrusion into the house, including water leaking from upstairs above the area where the floor was soft, all of which could have been the actual cause-in-fact of the floor damage that was discovered over two years after the purchase of the house.
After a thorough review of the record, we find no error of law or fact in the trial court's ruling that Ms. Stewart failed to prove her case against Dugas Pest Control. Therefore, we affirm the trial court judgment in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.1.B. Costs are assessed against Ms. Stewart.
AFFIRMED.